UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


MICHAEL MONTGOMERY,

                    Plaintiff,

                                                            CASE NO. 13-14373
v.                                                          HON. JOHN CORBETT O'MEARA

WAYNE COUNTY PROSECUTOR'S OFFICE:
 KYM WORTHY, JANE/JOHN DOE(S);
WAYNE COUNTY SHERIFF'S OFFICE:
BENNY NAPOLEON, JANE/JOHN DOE(S);
WAYNE COUNTY HEALTH CARE PROVIDERS;
MENTAL HEALTH PROVIDERS:  JANE/JOHN DOE(S);
DETROIT POLICE DEPARTMENT:  JANE/JOHN DOE(S),

                    Defendants.
_____/

### ORDER OF DISMISSAL

#### I. Introduction

        Plaintiff Michael Montgomery is a detainee at the Wayne County Jail in Detroit,

Michigan.  He recently filed a hybrid complaint seeking a writ of habeas corpus and

relief under 42 U.S.C. § 1983.  The defendants are:  the Wayne County Prosecutor's

Office; Wayne County Prosecutor Kym Worthy; the Wayne County Sheriff's Office;

Wayne County Sheriff Benny Napoleon; Wayne County Health Care Providers; Mental

Health Providers; the Detroit Police Department; and certain unnamed individuals

identified as Jane or John Doe(s).

        Plaintiff alleges through a legal writer at the jail that he is bipolar, has a learning

disability, and suffers from  paranoid schizophrenia.  He asserts that he is abused every

1

day and does not receive the medicine that he received as a free citizen.

Plaintiff further alleges that the prosecutor in his state criminal case is offering him to an illegal plea agreement with a sentence of twenty to forty years in prison. He claims that he is being victimized by the prosecution and by the actual perpetrators of the crime and does not know or understand what is happening to him. He seeks injunctive relief in the form of an order enjoining the defendants from prosecuting him on the pending warrant or information and a judgment declaring that the prosecution and housing of him violates his rights under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.

## II.  Discussion

### A.  The Habeas Claim

Plaintiff is attacking both the conditions of his confinement and the fact or length of confinement. "[H]is latter claim . . . is cognizable only in federal habeas corpus, with its attendant requirement of exhaustion of state remedies." *Preiser v. Rodriguez*, 411 U.S. 475, 499 n.14 (1973). Pretrial detainees may pursue habeas relief under 28 U.S.C. § 2241, *Phillips v. Court of Common Pleas, Hamilton County, Ohio*, 668 F.3d 804, 809 (6th Cir. 2012), but

> courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner. Abstention from the exercise of the habeas corpus jurisdiction is justified by the doctrine of comity, a recognition of the concurrent jurisdiction created by our federal system of government in the separate state and national sovereignties. Intrusion into state proceedings already underway is warranted only in extraordinary circumstances. Thus the doctrine of exhaustion of state remedies has developed to protect the state courts' opportunity to confront initially and resolve constitutional issues arising within their jurisdictions and to limit federal judicial interference in state

2

adjudicatory processes.

*Atkins v. Michigan*, 644 F.2d 543, 546 (6th Cir. 1981) (internal citations omitted).

The exhaustion doctrine requires state prisoners to invoke "one complete round of the State's established appellate review process" before presenting their claims to a federal court in a habeas corpus petition.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).  "[T]his usually requires that [habeas petitioners] appeal an adverse decision all the way to the state's court of last resort."  *Phillips*, 668 F.3d at 810.

Plaintiff has not alleged that he exhausted state remedies for his habeas claim, and he has not shown that exceptional circumstances warrant intrusion into state proceedings already underway.  Accordingly, the Wayne County Prosecutor's Office, Prosecutor Kym Worthy, the Detroit Police Department, and the unidentified John and Jane Doe(s) employed by the prosecutor's office and the police department are dismissed without prejudice.  The request to enjoin these defendants from prosecuting Plaintiff is denied.

## B.  The Civil Rights Claim

Plaintiff appears to be suing Wayne County Sheriff Benny Napoleon, the Wayne County Sheriff's Department, and unnamed medical professionals at the Wayne County Jail for unfavorable conditions at the jail.  "To state a claim under 42 U.S.C. § 1983, a plaintiff must set forth facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law.  *Sigley v. Parma Heights*, 437 F.3d 527, 533 (6th Cir. 2006).  When screening a prisoner's complaint, a federal district court

must examine both § 1915(e)(2) and § 1915A.  If the civil action seeks

3

> redress from a governmental entity, officer, or employee, the district court must dismiss the complaint, or any portion of the complaint, which (a) is frivolous, malicious, or fails to state a claim upon which relief may be granted, or (b) seeks monetary relief from a defendant who is immune from monetary relief. 28 U.S.C. §§ 1915(e)(2), 1915A.

*Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001).

The "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)  . . . ." *Bell Atlantic Corp. v. Twombly*,  550 U.S. 544, 555 (2007).  "So, to survive scrutiny under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.

Plaintiff's civil rights claim fails for a number of reasons.  First of all, the Wayne County Sheriff's Office is not a legal entity capable of being sued under § 1983. *Hughson v. County of Antrim*, 707 F. Supp. 304, 306 (W.D. Mich. 1988).  Second, to the extent Plaintiff is suing Sheriff Benny Napoleon under a *respondeat superior* theory of liability, his claim fails because there is no *respondeat superior* or vicarious liability under § 1983.  *Flagg v. Detroit*, 715 F.3d 165, 174 (6th Cir. 2013).

As for the county health care providers, mental health providers, and unnamed county defendants, Plaintiff has failed to show how "each Government-official defendant, through the official's own individual actions" violated the Constitution.  *Iqbal*, 556 U.S. at 676; *see also Terrance v. Northville Reg'l. Psychiatric Hosp.*, 286 F.3d 834,

4

842 (6th Cir. 2002) (explaining that claims against governmental officials for alleged violations of constitutional rights must allege what each defendant did to violate the asserted rights); *Ridgeway v. Kentucky*, 510 F. App'x 412, 413 (6th Cir. 2013) (stating that, "for the plaintiff to proceed, he should provide detail as to how each defendant allegedly violated his constitutional rights").  Pretrial detainees have a right to adequate medical treatment, *Bruederle v. Louisville Metro Government*, 687 F.3d 771, 776  (6th Cir. 2012), *cert. denied*, __ U.S. __, 133 S. Ct. 866 (2013), but Plaintiff has not demonstrated how each of the county defendants was personally involved in the deprivation of his constitutional rights.  Thus, he has no right to relief from the health care providers, mental health providers, and the unnamed John and Jane Doe(s) at the Wayne County Jail.

### III.  Conclusion

Plaintiff's civil rights claim lacks an arguable basis in law and fails to state a plausible claim for relief.  Consequently, the civil rights claim against the Wayne County Sheriff's Office, Wayne County Sheriff Benny Napoleon, Wayne County Health Care Providers, Mental Health Providers, and the other unnamed county employees are summarily **DISMISSED** with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).  An appeal from this decision on Plaintiff's civil rights claim would be frivolous and could not be taken in good faith.  28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 443-45 (1962); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997), *overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013).

5

The habeas claim against the Wayne County Prosecutor's Office, Prosecutor Kym Worthy, the Detroit Police Department, and the unnamed employees of the police department and the prosecutor's office is dismissed without prejudice.  The Court declines to issue a certificate of appealability on the habeas claim because reasonable jurists would not find it debatable whether the Court's procedural ruling on the habeas claim was correct or whether the allegations state a valid claim of the denial of a constitutional right.  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).


                                        s/John Corbett O'Meara
                                        United States District Judge

Date:  December 17, 2013




        I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, December 17, 2013, using the ECF system and/or ordinary mail.


                                        s/William Barkholz
                                        Case Manager

6